# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JIM BENSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:10-cv-01910 (HHK) |
| | ) |
| NATIONAL PARK SERVICE, | ) |
| DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| Defendant | ) |

## JOINT LOCAL RULE 16.3 REPORT

The parties to the above action respectfully submit the following Joint Report to the Court, in accordance with Rule 16 Fed. R. Civ. P., and LCvR 16.3.

Statement of the Case

A.   Plaintiff:   Plaintiff Bensman claims that he is entitled to a fee waiver for documents requested from the defendant National Park Service ("NPS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Bensman's requested fee waiver was denied, as was his administrative appeal of that denial, and Bensman filed this suit to challenge those determinations.

B.   Defendant:   Defendant generally denies Plaintiff's allegations, and maintains that the National Park Service ("NPS"), Department of Interior ("DOI") properly requested that Plaintiff advance the fee payment prior to processing his Freedom of Information Act ("FOIA") request or demonstrate that the request is in the public interest.  In or about 2010, Plaintiff timely filed an appeal.  On October 12, 2010, NPS's decision was affirmed and the DOI, Office of the Solicitor provided a detailed explanation of its decision to affirm the NPS decision.

   1.)   Resolution By Dispositive Motion:   The parties agree that this case can be resolved by motion for summary judgment and they intend to file such motions in accordance with the

briefing schedule to be set by the Court.

**The Plaintiff proposes the following schedule:**

    Plaintiff's motion for summary judgment:                  February 11, 2011

    Defendant's Opposition/Cross-Motion for summary judgment:    March 11, 2011

    Plaintiffs' reply:                                                          March 25, 2011

Plaintiff does not believe that the NPS should be permitted a second brief (a reply), given that its "cross-motion" for summary judgment will just be a vehicle for resolving this case on summary judgment, raising no new issues, and a reply on that cross motion would essentially constitute an unwarranted surreply. *See* Answer (raising no affirmative defenses); *United States v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp. 2d 270, (D. D.C. 2002) ("'The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply,'" and "is most appropriate where the new matter introduced is factual.") (citations omitted).

**The Defendant proposes the following briefing schedule:**

    Plaintiff's motion for summary judgment:                  February 11, 2011

    Defendant's Opposition/Cross-Motion for summary judgment:    March 11, 2011

    Plaintiff's Opposition/Reply:                                    March 25, 2011

    Defendant's Reply:                                                    April 8, 2011

Plaintiff misapprehends the Defendant's proposed briefing schedule. In Plaintiff's initial proposed briefing schedule, sent to Defendant on January 12, 2011, he indicated that his motion for summary judgment should be filed first. Based upon that request, Defendant proposed its own schedule, including the opportunity to move for summary judgment and reply to Plaintiff's

opposition. Defendant never proposed to file a sur-reply to Plaintiff's reply, and Defendant's proposed reply is consistent with LCvR 7(d), which permits a moving party to file a reply brief in support of its motion.

2.) <u>Parties Joined or Amendment of Pleadings</u>: The parties do not presently anticipate joining any parties or amending the pleadings.

3.) <u>Assignment to a Magistrate Judge</u>: The parties do not consent to the assignment of this case to a Magistrate Judge for any purpose.

4.) <u>Settlement Possibility</u>: The parties agree that settlement is unlikely in this case.

5.) <u>ADR</u>: The parties do not believe that ADR would be productive in this case.

6.) <u>Resolution on Summary Judgment</u>: <u>See</u> the parties' proposed briefing schedules in Paragraph No. 1 herein.

7.) <u>Initial Disclosures</u>: The parties do not believe that initial disclosures are necessary in this case.

8.) <u>Extent of Discovery</u>: The parties do not believe that discovery is necessary in this case. Indeed, fee waiver determinations are reviewed based on the administrative record. 5 U.S.C. § 552(a)(4)(A)(vii); <u>see</u> Electronic Privacy Information Center v. Dep't of Defense, 241 F. Supp.2d 5, 8-9 (D.D.C. 2003).

9.) <u>Expert Witnesses</u>: The parties do not believe that experts will be required in this action.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: Not relevant.

12.) <u>Date for Pretrial Conference</u>: The parties do not believe that a pretrial conference

is necessary in this case.

13.) <u>Trial Date</u>:   The parties do not believe that a trial will be necessary in this case.

14.) <u>Other Matters</u>:   Not relevant.

Respectfully submitted,

_____/s/_____
Matt Kenna, Bar # CO0028
Public Interest Environmental Law 679
E. 2nd Ave., Suite 11B
Durango, CO 81301
(970) 385-6941
matt@kenna.net

*Attorneys for Plaintiff*

RONALD C. MACHEN JR.
D.C. Bar No. 447889
United States Attorney

RUDOLPH CONTRERAS
D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
RHONDA L. CAMPBELL,
D.C. Bar No. 462402
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-9519
Rhonda.campbell@usdoj.gov

*Attorneys for Defendant*